## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER L. BURKE, as special administrator of the estate of Daryl J. Maynor, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-CV-2540-SMY |
| vs. | ) ) | |
| LEVI C. GRAMLISCH, and GERSHENSON CONSTRUCTION CO., INC., | ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher L. Burke, as special administrator for the estate of decedent Daryl J. Maynor, originally filed this personal injury action in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois (Doc. 1-1). Defendant Levi C. Gramlisch removed the case to this court, asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1).

Now pending before the Court is Plaintiff's Motion to Remand (Doc. 18) to which Gramlisch responded (Doc. 21). Defendant Gershenson Construction Co., Inc. also submitted a jurisdictional memorandum in response to the motion (Doc. 19). For the following reasons, the motion is **DENIED**.

Federal courts have original jurisdiction over civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. For complete diversity to exist, "none of the parties on either side of the litigation may be a citizen

of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

Here, the Complaint alleges that decedent Maynor was a passenger in a car driven by Defendant Gramlisch when it collided with another vehicle in St. Clair County, Illinois (Doc. 1-1, p. 5 at ¶¶ 6-7).  The Notice of Removal and Complaint further allege that the citizenship of the parties is as follows:

- Decedent Daryl J. Maynor was a citizen and resident of Illinois at the time of his death[1] (Doc. 1, p. 2 at ¶ 7);

- Defendant Gramslich "is a resident of the State of Missouri" (Doc. 1-1, p. 4 at ¶ 3)

- Defendant Gershenson is a "Missouri corporation" (Doc. 1-1, p. 5 at ¶ 4) with its principal place of business in Eureka, Missouri (Doc. 1, p. 3 at ¶ 9).

Plaintiff asserts that the Court should consider the citizenship of Burke, who is a Missouri citizen and the Special Administrator of Maynor's estate (Doc. 18, pp. 2-4).  But "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See* 28 U.S.C. § 1332(c)(2); *see also*, *Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166, 168 (7th Cir. 1992).  Plaintiff cites *Zebley v. Heartland Industries of Dawson, Inc.*, 625 F. 3d 449 (8th Cir. 2010) in support of their position, but that case involved the interpretation of the North Dakota wrongful death statute and is plainly inapplicable here.  The Seventh Circuit has repeatedly held that the decedent's citizenship controls for purposes of the diversity jurisdiction analysis.  *Gustafson v. zumBrunnen,* 546 F.3d 398, 400-01 (7th Cir. 2008); see also, *Konradi v. United States,* 919 F.2d 1207, 1214 (7th Cir. 1990).

---

[1] Plaintiff suggests that this may not be true (Doc. 18, p. 2) but introduces no evidence to rebut it.  Gershenson attached decedent's obituary that indicates that he lived in Smithton, Illinois (Doc. 19-1).

Plaintiff also argues that 28 U.S.C. § 1332(c)(2) is inapplicable as Burke is not the representative of decedent's estate but is merely "authorized by Section 2.1 of the Wrongful Death Act to advance a statutory claim for damages on behalf of Decedent's next-of-kin" (Doc. 18, p. 6). This argument has been rejected by the Seventh Circuit in an unpublished opinion. *Khalil v. Town of Cicero,* No. 89-3354, 1990 WL 157082 at *1 (7th Cir. Oct. 15, 1990) ("Under this circuit's precedents the citizenship of the decedent, not of the special administrator, controls").

Finally, Plaintiff argues that Gramslich failed to comply with 28 U.S.C. §1446(a) by including copies of "all process, pleadings, and orders" served upon Defendants in this action in the initial Notice of Removal (Doc. 18, pp. 7-8).  But the failure to attach such documents is not jurisdictional and will not result in remand if sufficient documents are attached to show the basis for jurisdiction.  *Riehl v. National Mut. Ins. Co.,* 374 F.2d 739, 742 (7th Cir. 1967).  Here, the pleadings referenced would not have aided this court in evaluating whether removal on the basis of diversity jurisdiction was proper.[2]

For the foregoing reasons, Plaintiff's Motion for Remand (Doc. 18) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 31, 2024**

**STACI M. YANDLE**
**United States District Judge**

---

[2] Gramlisch has since filed an Amended Notice of Removal (Doc. 20) that complies with 28 U.S.C. § 1446(a).