IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CHRISTOPHER L. BURKE,<br>Special Administrator of the Estate of<br>Daryl J. Maynor, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br><br><br>GERSHENSON CONSTRUCTION<br>CO., INC. and LEVI C. GRAMLISCH,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:23-CV-02540-SMY<br>)   **TRIAL DEMANDED BY JURY**<br>)   **OF TWELVE**<br>)<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT

### COUNT I
**(Vicarious Liability (Negligence) v. Gershenson Construction Co., Inc.)**

COMES NOW Christopher Burke, Special Administrator of the Estate of Daryl J. Maynor, Deceased, by his attorneys, St. Clair, Gilbreth & Steppig LLC, and for Count I of his Complaint against Defendant Gershenson Construction Co., Inc., states as follows:

1. Plaintiff Christopher Burke (hereinafter referred to as "Plaintiff") is the duly appointed Special Administrator of the Estate of Daryl J. Maynor, Deceased, pursuant to an order entered on August 29, 2022, by the Twentieth Judicial Circuit, St. Clair County, Illinois, in Case Number 22-PR-0329. A copy of this Order is attached hereto, marked as Exhibit A, and incorporated herein by this reference.

2. Plaintiff brings this cause of action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/0.01, *et seq.*, on behalf and for the benefit of Daryl. J. Maynor's next of kin.

3. Defendant Levi C. Gramlisch (hereinafter referred to as "Gramlisch") is a resident of the State of Missouri.

1

4.	Defendant Gershenson Construction Co., Inc., (hereinafter "Gershenson"), is a Missouri corporation not registered to do business in the State of Illinois, but doing business in the State of Illinois.

5.	At all times relevant to this Complaint, Gramlisch was an agent and/or employee of Gershenson and was working in the course and scope of his employment and/or agency, and was performing duties related to the business of Gershenson Construction, Inc.

6.	At all times relevant to this Complaint, Gramlisch was acting at the direction of, and with the permission the owners, employees, and/or agents of Gershenson Construction Co., Inc.

7.	On or about July 12, 2022, at approximately 9:43 p.m., Daryl J. Maynor was a passenger in a 2004 Chevrolet truck, owned by Gershenson and operated by Gramlisch, traveling westbound on Douglas Road near its intersection with IL-158 in St. Clair County, Illinois.

8.	At that time and place, Gershenson, by and through its agent and employee, Gramlisch, had a duty to exercise due care and caution in the operation and control of its vehicle to avoid injuries to others. Despite this duty, Gershenson, by and through Gramlisch, operated its vehicle in such a manner that caused it to collide with another vehicle traveling westbound on IL-158.

9.	At that moment, Gershenson, by and through Gramlisch, became guilty of the following negligent acts, failures, and omissions:

    a.	Gershenson failed to obey a traffic control device at the intersection of Douglas Road and IL-158 in violation of 625 ILCS 5/11-305;

    b.	Gershenson failed to yield the right of way in violation of 625 ILCS 5/11-901.01;

    c.	Gershenson failed to yield the right of way in violation of 625 ILCS 5/11-904;

    d. Gershenson operated its vehicle while its agent or employee's alcohol concentration was 0.08 or more in violation of 625 ILCS 5/11-501(a)(1);

    e. Gershenson operated its vehicle while its agent or employee was under the influence of alcohol in violation of 625 ILCS 5/11-501(a)(2);

    f. Gershenson operated its vehicle in a reckless manner in violation of 625 ILCS 5/11-503;

    g. Gershenson failed to give an audible warning with the horn in violation of 625 ILCS 5/12-601;

    h. Gershenson operated its vehicle at a speed greater than was reasonable and proper so as to endanger Daryl J. Manor's safety and the safety of others in violation of 625 ILCS 5/11-601;

    i. Gershenson failed to keep its vehicle under proper and sufficient control;

    j. Gershenson failed to keep a proper and sufficient lookout for other vehicles present, particularly the vehicle traveling westbound on IL-158;

    k. Gershenson failed to apply the brakes or failed to apply the brakes in time to keep from losing control of its vehicle and causing it to strike the vehicle traveling westbound on IL-158;

    l. Gershenson failed to reduce the speed of its vehicle to avoid a collision in violation of 625 ILCS 5/11-601; and

    m. Gershenson was otherwise negligent in the operation and control of its vehicle.

10. The death of Daryl J. Maynor was a direct and proximate result of Gershenson's actions alleged herein.

11. Daryl J. Maynor died unmarried, and left several individuals as his next of kin.

12. As a direct and proximate result of Gershenson's actions causing Daryl J. Maynor's

death, Daryl J. Maynor's next of kin sustained significant damages including the present and future loss of money, benefits, goods, services, and society that Daryl J. Manor would have provided. Additionally, they have been caused to experience grief, sorrow, and mental suffering. They also have been deprived of other large sums of money and valuable services the Daryl J. Maynor contributed to them, and would have continued to contribute, but for his death.

WHEREFORE, Plaintiff Christopher L. Burke, Special Administrator of the Estate of Daryl J. Maynor, Deceased, prays this Court award judgment in his favor and against Defendant Gershenson Construction Co. Inc. for damages in excess of $50,000.00, his costs of suit, and such further relief as this Court deems just and proper under the circumstances.

### COUNT II
**(Vicarious Liability (Willful and Wanton Conduct)**
**v. Gershenson Construction Co., Inc.)**

COMES NOW Christopher Burke, Special Administrator of the Estate of Daryl J. Maynor, Deceased, by his attorneys, St. Clair, Gilbreth & Steppig LLC, and for Count II of his Complaint against Defendant Gershenson Construction Co., Inc., states as follows:

1. Plaintiff realleges and reincorporates Paragraphs 1-9 of Plaintiff's Count I as if fully set forth herein.

2. At all times relevant hereto, Gershenson knew, or should have known, Gramlisch was operating its 2004 Chevrolet truck in a reckless and careless fashion.

3. Gershenson's actions in operating the motor vehicle in the manner described above evidenced a disregard for the safety of Daryl J. Maynor and others.

4. The death of Daryl J. Maynor was a direct and proximate result of Gershenson's actions alleged herein.

5. Daryl J. Maynor died unmarried, and left several individuals as his next of kin.

6. As a direct and proximate result of Gershenson's actions causing Daryl J. Maynor's

death, Daryl J. Maynor's next of kin sustained significant damages including the present and future loss of money, benefits, goods, services, and society that Daryl J. Manor would have provided. Additionally, they have been caused to experience grief, sorrow and mental suffering. They also have been deprived of other large sums of money and valuable services the Daryl J. Maynor contributed to them, and would have continued to contribute, but for his death.

WHEREFORE, Plaintiff Christopher L. Burke, Special Administrator of the Estate of Daryl J. Maynor, Deceased, prays this Court award judgment in his favor and against Defendant Gershenson Construction Co. Inc. for damages in excess of $50,000.00, his costs of suit, and such further relief as this Court deems just and proper under the circumstances.

## COUNT III
**(Negligence v. Gershenson Construction Co. Inc.)**

COMES NOW Christopher Burke, Special Administrator of the Estate of Daryl J. Maynor, Deceased, by his attorneys, St. Clair, Gilbreth & Steppig LLC, and for Count III of his Complaint against Defendant Gershenson Construction Co., Inc., states as follows:

1. Plaintiff Christopher Burke (hereinafter referred to as "Plaintiff") is the duly appointed Special Administrator of the Estate of Daryl J. Maynor, Deceased, pursuant to an order entered on August 29, 2022, by the Twentieth Judicial Circuit, St. Clair County, Illinois, in case number 22-PR-0329. A copy of this Order is attached hereto, marked as Exhibit A, and incorporated herein by this reference.

2. Plaintiff brings this cause of action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/0.01, *et seq.*, on behalf and for the benefit of Daryl. J. Maynor's next of kin.

3. Defendant Levi C. Gramlisch (hereinafter referred to as "Gramlisch") is a resident of the State of Missouri.

4. Defendant Gershenson Construction Co., Inc., (hereinafter "Gershenson"), is a

Missouri corporation not registered to do business in the State of Illinois, but doing business in the State of Illinois.

5. On or about July 12, 2022, Gershenson, by and through its agents and employees, gave Gramlisch express or implied permission to operate its 2004 Chevrolet truck.

6. At all times relevant to this Complaint, Gramlisch was an agent and/or employee of Gershenson and was working in the course and scope of his employment and/or agency, and was performing duties related to the business of Gershenson Construction, Inc.

7. At all times relevant to this Complaint, Gramlisch was acting at the direction of, and with the permission of Gershenson Construction Co., Inc.

8. Gershenson's 2004 Chevrolet truck was a dangerous article or instrumentality.

9. At all times relevant to this Complaint, Gershenson had a duty to exercise due care and caution in the ownership, maintenance, operation, use, and entrustment of its 2004 Chevrolet truck, and in its training and supervision of its employees and/or agents, including Gramlisch.

10. On or about July 12, 2022, at approximately 9:43 am., Daryl J. Maynor was a passenger in the aforementioned 2004 Chevrolet truck while it was being operated by Gramlisch westbound on Douglas Road near its intersection with IL-158 in St. Clair County, Illinois.

11. At that time and place, Gramlisch had a duty to exercise due care and caution in the operation and control of Gershenson's vehicle to avoid injuries to others. Despite this duty, Gramlisch operated Gershenson's vehicle in such a manner that caused it to collide with another vehicle traveling westbound on IL-158.

12. At that moment, Gramlisch became guilty of the following negligent acts, failures, and omissions:

    a. Gramlisch failed to obey a traffic control device at the intersection of Douglas Road and IL-158 in violation of 625 ILCS 5/11-305;

b. Gramlisch failed to yield the right of way in violation of 625 ILCS 5/11-901.01;

c. Gramlisch failed to yield the right of way in violation of 625 ILCS 5/11-904;

d. Gramlisch operated the vehicle while his alcohol concentration was 0.08 or more in violation of 625 ILCS 5/11-501(a)(1);

e. Gramlisch operated the vehicle while he was under the influence of alcohol in violation of 625 ILCS 5/11-501(a)(2);

f. Gramlisch operated the vehicle in a reckless manner in violation of 625 ILCS 5/11-503;

g. Gramlisch failed to give an audible warning with the horn in violation of 625 ILCS 5/12-601;

h. Gramlisch operated the vehicle at a speed greater than was reasonable and proper so as to endanger Daryl J. Manor's safety and the safety of others in violation of 625 ILCS 5/11-601;

i. Gramlisch failed to keep the vehicle under proper and sufficient control;

j. Gramlisch failed to keep a proper and sufficient lookout for other vehicles present, particularly the vehicle traveling westbound on IL-158;

k. Gramlisch failed to apply the brakes or failed to apply the brakes in time to keep from losing control of the vehicle and causing it to strike the vehicle traveling westbound on IL-158;

l. Gramlisch failed to reduce the speed of the vehicle to avoid a collision in violation of 625 ILCS 5/11-601; and

m. Gramlisch was otherwise negligent in the operation and control of the vehicle.

13. At the time Gershenson entrusted its 2004 Chevrolet truck to Gramlisch, Gershenson:

    a. Knew or should have known Gramlisch was an incompetent, inexperienced, and unqualified driver;

    b. Knew or should have known Gramlisch had a propensity for engaging in unsafe, risky, and/or dangerous behaviors while driving;

    c. Knew or should have known Gramlisch was likely to operate its vehicle in an unsafe and/or unlawful manner;

    d. Knew or should have known it had entrusted its vehicle to Gramlisch without verifying, checking, or otherwise considering his qualifications to safely operate its vehicle;

    e. Failed to train Gramlisch on the safe and prudent operation of its vehicle;

    f. Failed to establish reasonable parameters, instructions, and limitations pertaining to the use of its vehicle; and

    g. Was otherwise negligent in its ownership, maintenance, and/or operation of its vehicle.

14. The death of Daryl J. Maynor was a direct and proximate result of Gershenson's actions alleged herein.

15. Daryl J. Maynor died unmarried and left several individuals as his next of kin.

16. As a direct and proximate result of Gershenson's actions causing Daryl J. Maynor's death, Daryl J. Maynor's next of kin to sustain significant damages including the present and future loss of money, benefits, goods, services, and society that Daryl J. Manor would have provided. Additionally, they have been caused to experience grief, sorrow, and mental suffering. They also have been deprived of other large sums of money and valuable services the Daryl J. Maynor contributed to them, and would have continued to contribute, but for his death.

WHEREFORE, Plaintiff Christopher L. Burke, Special Administrator of the Estate of

Daryl J. Maynor, Deceased, prays this Court award judgment in his favor against Defendant Gershenson Construction Co. Inc. for damages in excess of $50,000.00, his costs of suit, and such further relief as this Court deems just and proper under the circumstances.

## **COUNT IV**
**(Negligence v. Levi C. Gramlisch)**

COMES NOW Christopher Burke, Special Administrator of the Estate of Daryl J. Maynor, Deceased, by his attorneys, St. Clair, Gilbreth & Steppig LLC, and for his Count IV of his Complaint against Defendant Levi C. Gramlisch, states as follows:

1. Plaintiff Christopher Burke (hereinafter referred to as "Plaintiff") is the duly appointed Special Administrator of the Estate of Daryl J. Maynor, Deceased pursuant to an order entered on August 29, 2022, by the Twentieth Judicial Circuit, St. Clair County, Illinois, in case number 22-PR-0329. A copy of this Order is attached hereto, marked as Exhibit A, and incorporated herein by this reference.

2. Plaintiff brings this cause of action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/0.01, *et seq.*, on behalf and for the benefit of Daryl. J. Maynor's next of kin.

3. Defendant Levi C. Gramlisch (hereinafter referred to as "Gramlisch") is a resident of the State of Missouri.

4. On or about July 12, 2022, at approximately 9:43 am., Daryl J. Maynor was a passenger in a 2004 Chevrolet truck, operated by Gramlisch, traveling westbound on Douglas Road near its intersection with IL-158 in St. Clair County, Illinois.

5. At that time and place, Gramlisch had a duty to exercise due care and caution in the operation and control of his vehicle to avoid injuries to others. Despite this duty, Gramlisch operated his vehicle in such a manner that caused it to collide with another vehicle traveling westbound on IL-158.

6. At that moment, Gramlisch became guilty of the following negligent acts, failures, and omissions:

   a. Gramlisch failed to obey a traffic control device at the intersection of Douglas Road and IL-158 in violation of 625 ILCS 5/11-305;

   b. Gramlisch failed to yield the right of way in violation of 625 ILCS 5/11-901.01;

   c. Gramlisch failed to yield the right of way in violation of 625 ILCS 5/11-904;

   d. Gramlisch operated the vehicle while his alcohol concentration was 0.08 or more in violation of 625 ILCS 5/11-501(a)(1);

   e. Gramlisch operated the vehicle while he was under the influence of alcohol in violation of 625 ILCS 5/11-501(a)(2);

   f. Gramlisch operated the vehicle in a reckless manner in violation of 625 ILCS 5/11-503;

   g. Gramlisch failed to give an audible warning with the horn in violation of 625 ILCS 5/12-601;

   h. Gramlisch operated the vehicle at a speed greater than was reasonable and proper so as to endanger Daryl J. Manor's safety and the safety of others in violation of 625 ILCS 5/11-601;

   i. Gramlisch failed to keep the vehicle under proper and sufficient control;

   j. Gramlisch failed to keep a proper and sufficient lookout for other vehicles present, particularly the vehicle traveling westbound on IL-158;

   k. Gramlisch failed to apply the brakes or failed to apply the brakes in time to keep from losing control of the vehicle and causing it to strike the vehicle traveling westbound on IL-158;

   l. Gramlisch failed to reduce the speed of the vehicle to avoid a collision in violation

        of 625 ILCS 5/11-601; and

        m.  Gramlisch was otherwise negligent in the operation and control of the vehicle.

7.     The death of Daryl J. Maynor was a direct and proximate result of Gramlisch's actions alleged herein.

8.     Daryl J. Maynor died unmarried, and left several individuals as his next of kin.

9.     As a direct and proximate result of Gramlisch's actions causing Daryl J. Maynor's death, Daryl J. Maynor's next of kin sustained significant damages including the present and future loss of money, benefits, goods, services, and society that Daryl J. Manor would have provided. Additionally, they have been caused to experience grief, sorrow and mental suffering. They also have been deprived of other large sums of money and valuable services the Daryl J. Maynor contributed to them, and would have continued to contribute, but for his death.

WHEREFORE, Plaintiff Christopher L. Burke, Special Administrator of the Estate of Daryl J. Maynor, Deceased, prays this Court award judgment in his favor against Defendant Levi C. Gramlisch for damages in excess of $50,000.00, his costs of suit, and such further relief as this Court deems just and proper under the circumstances.

## COUNT V
**(Negligence (Willful and Wanton Conduct) v. Levi C. Gramlisch)**

COMES NOW Christopher Burke, Special Administrator of the Estate of Daryl J. Maynor, Deceased, by his attorneys, St. Clair, Gilbreth & Steppig LLC, and for his Count V of his Complaint against Defendant Levi C. Gramlisch, states as follows:

1.     Plaintiff realleges and reincorporates Paragraphs 1-6 of Plaintiff's Count IV as if fully set forth herein.

2.     At all times relevant hereto, Gramlisch knew or should have known he was operating the 2004 Chevrolet truck in a reckless and careless fashion.

      3.      Gramlisch's actions in operating the motor vehicle in the manner described above evidenced a disregard for the safety of Daryl J. Maynor and others.

      4.      The death of Daryl J. Maynor was a direct and proximate result of Gramlisch's actions alleged herein.

      5.      Daryl J. Maynor died unmarried, and left several individuals as his next of kin.

      6.      As a direct and proximate result of Gramlisch's actions causing Daryl J. Maynor's death, Daryl J. Maynor's next of kin sustained significant damages including the present and future loss of money, benefits, goods, services, and society that Daryl J. Manor would have provided. Additionally, they have been caused to experience grief, sorrow and mental suffering. They also have been deprived of other large sums of money and valuable services the Daryl J. Maynor contributed to them, and would have continued to contribute, but for his death.

WHEREFORE, Plaintiff Christopher L. Burke, Special Administrator of the Estate of Daryl J. Maynor, Deceased, prays this Court award judgment in his favor against Defendant Levi C. Gramlisch for damages in excess of $50,000.00, his costs of suit, and such further relief as this Court deems just and proper under the circumstances.

**TRIAL DEMANDED BY JURY OF TWELVE**

ST. CLAIR, GILBRETH & STEPPIG, LLC.

      s/Anthony P. Gilbreth
Clay B. St. Clair #6273497
Anthony P. Gilbreth #06289576
Attorneys for Plaintiff
**Christopher L. Burke, Special Administrator of the Estate of Daryl J. Maynor**

ST. CLAIR, GILBRETH & STEPPIG LLC
252 Southwoods Center
P.O. Box 558
Columbia, Illinois 62236
Telephone: 618/281-5555
Facsimile: 618/281-5551
cstclair@sgslawllc.com
agilbreth@sgslawllc.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of June, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nicholas P. Meriage
Ms. Sarah M. Boyce
Mr. Phillip D. Stelzer #73960
PITZERSNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102
Ph: (314) 421-5545
meriage@pspclaw.com
boyce@pspclaw.com
stelzer@pspclaw.com
Attorneys for Levi C. Gramlisch

Joseph Neely
BEHR, MCCARTER, POTTER, & NEELY
8000 Maryland Avenue, Suite 245
St. Louis, MO 63105
Ph: (314) 832-3800
jneely@bmplaw.com
Attorneys for Gershenson Construction Co., Inc.

                                      /s/Anthony P. Gilbreth