IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER L. BURKE,** *Special Administrator of the Estate of Daryle J. Maynor, Deceased* | ) ) ) ) |
| **Plaintiff,** | ) Case No. 23-cv-2540-SMY ) |
| vs. | ) ) |
| **LEVI C. GRAMLISCH, and GERSHENSON CONSTRUCTION Co., Inc.** | ) ) ) ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Defendant Gershenson Construction Company Inc. ("Gershenson")'s motion for sanctions to dismiss this matter with prejudice (Doc. 59), to which Plaintiff responded (Doc. 62).

Daryle Maynor, Plaintiff's father, died on July 12, 2022 in a car accident while riding in a truck operated by Defendant Levi Gramlisch and owned by Defendant Gershenson. Plaintiff, Gramlisch, and Plaintiff's fiancée, Julie McArthy, had been together at Plaintiff's house earlier that day.

On July 23, 2025, Gershenson's counsel contacted McArthy for an interview. McArthy ultimately declined. Plaintiff then contacted Gershenson's counsel, stating that his attorney was unavailable and advising them not to contact McArthy. Later that day, McArthy sent Gershenson's counsel two audio files in which Plaintiff appeared drunk, cursing, and upset with McArthy. Gershenson argues Plaintiff's conduct constitutes witness tampering and seeks dismissal as a sanction.

The audio transcripts show mostly drunken inflammatory remarks. While some of the statements are potentially threatening, they are not relevant to the issue of witness tampering. However, one statement is potentially relevant to the issue: "I have the message . . . You wanna see 'em?" Significantly, by Declaration, McCarthy attests she was never coerced, influenced, threatened or intimidated by Plaintiff regarding her role as a witness, and she remains available to give a deposition (Doc. 62-1, ¶¶5, 6, 9).

Without more, the Court cannot conclude a preponderance of evidence exists that Plaintiff tampered McArthy. *Ramirez v. T&H Lemont, Incorporated*, 845 F.3d 772, 781 (2016) (dismissal of a case as a sanction requires a preponderance of the evidence). Accordingly, Defendant Gershenson's motion for sanctions and motion for hearing[1] (Docs. 59, 60) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 16, 2025**

**STACI M. YANDLE**
**United States District Judge**

---

[1] The Court is able to decide the issues based on the written submissions. As such, a hearing on the motion is not warranted.